

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**PRISCILLA D. KAM**
PARTNER
(516) 357-3341
priscilla.kam@rivkin.com

December 1, 2023

**By ECF**
Honorable Marcia M. Henry
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Government Employees Ins. Co., et al. v. Avonora Inc. d/b/a Avonora Pharmacy, et al.*
Docket No. 1:23-cv-03409 (ARR)(MMH)

We represent Plaintiffs (collectively "Plaintiffs" or "GEICO") in the above-referenced matter. Plaintiffs and Defendants Avonora Inc. d/b/a Avonora Pharmacy, Stanley Aronov, AVK RX Inc., and Irina Aronova (collectively "Defendants") submit this joint status report with respect to discovery and settlement discussions pursuant the Court's August 23, 2023 Minute Entry.

On August 15, 2023, Plaintiffs served First Sets of Interrogatories and First Requests for Production of Documents (collectively the "Discovery Requests") on all Defendants. After multiple meet-and-confer efforts, via email and telephone, it is Plaintiffs' position that Defendants have failed to comply with their discovery obligations. As such, Plaintiffs filed a motion to compel on November 30, 2023. See Dkt. No. 41.

Specifically, as discussed in Plaintiffs' motion, AVK RX Inc. ("AVK") and Irina Aronova ("I. Aronova") (together, the "AVK Defendants") failed to provide any responses whatsoever. Counsel for AVK recently represented AVK would produce written responses and limited documents by today, however, in discussing this joint status report, counsel said he now expects to have responses by Monday. He was unable to confirm whether the responses would be verified and could not provide a date certain by which I. Aronova's responses would be served.

Defendants Avonora Inc. d/b/a Avonora Pharmacy ("Avonora") and Stanley Aronov ("S. Aronov") (together, the "Avonora Defendants") produced <u>unverified</u> interrogatory responses on November 10, 2023 and limited documents on November 17, 2023. As detailed in Plaintiffs' motion to compel, the Avonora Defendants' interrogatory responses are not only unverified but contain unfounded objections and references to documents that have not been produced. Counsel for Defendants has been unable to provide any updates with regard to when Plaintiffs can expect verified responses or additional documents from the Avonora Defendants, or when the Avonora Defendants will supplement their interrogatory responses. Plaintiffs respectfully refer the Court

9 Thurlow Terrace
Albany, NY 12203-1005
T 518.462.3000 F 518.462.4199

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

RIVKIN RADLER LLP

December 1, 2023
Page 2

to their November 30, 2023 motion to compel for further details on their position regarding Defendants' insufficient discovery. See Dkt. No. 41.

Despite the fact Plaintiffs have not been able to obtain all requested discovery from Defendants, Plaintiffs have diligently pursued nonparty discovery. Plaintiffs have served multiple nonparty document subpoenas and six nonparty deposition subpoenas. Many of the document subpoenas seek records from entities that received tens of thousands of dollars from the Defendants yet offer no apparent legitimate goods or services. Nonparty discovery indicates many of the checks issued by Defendants to these entities were cashed at various check cashing facilities. Plaintiffs allege this was done as part of a multi-million-dollar money laundering scheme implemented to facilitate kickback payments among various no-fault providers and no-fault clinics.

As to GEICO's deposition subpoenas, four depositions are scheduled for December 2023 and Plaintiffs are working to obtain compliance from two nonparty witnesses who failed to appear for their noticed depositions last month. GEICO's deposition subpoenas seek testimony from healthcare providers who allegedly authorized prescriptions dispensed and billed by the Defendants, as well as Feliks Vasserman ("Vasserman"). Vasserman is identified in Plaintiffs' complaint as the former manager of AVK, however, financial records obtained via nonparty discovery indicate Vasserman and S. Aronov have more of a controlling role in AVK than previously alleged. GEICO is considering moving the Court to amend its complaint to include such allegations.

Defendants have not yet served any discovery demands in this matter.

In terms of settlement, while discussions have taken place they have not sufficiently progressed, and the parties remain quite far apart. It does not appear the parties will reach a resolution prior to the settlement conference scheduled for January 10, 2024.

We thank the Court for its attention to this matter.

Respectfully submitted,

RIVKIN RADLER LLP

/s/

Priscilla D. Kam

cc: All counsel via ECF

4872-2936-8468, v. 3

6114711.v1